IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DAWN REDDING

    Plaintiff,

v.

                              U.S. District Court Case No. _____
                              Leon County Case No. 014-CA 001998

STATE OF FLORIDA, DEPARTMENT
OF ECONOMIC OPPORTUNITY and
WORKFORCE PLUS,

    Defendants.
_____/

## JOINT NOTICE OF REMOVAL

Defendants, WORKFORCE PLUS and STATE OF FLORIDA, DEPARTMENT OF ECONOMIC OPPORTUNITY, hereby file this Joint Notice of Removal, and as grounds therefore state:

1. Removal of this cause is authorized and filed pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441.

2. On or about July 29, 2014, Plaintiff, DAWN REDDING, filed her Complaint in the Second Judicial Circuit, in and for Leon County, Florida, (Case No.: 2014-CA-001998) alleging a cause of action for (1) disability discrimination under Chapter 760, *Florida Statutes,* and 29 U.S.C. §794; (2) gender discrimination under Chapter 760, *Florida Statutes,* and 42 U.S.C. §2000e *et. seq.*; (3) age discrimination under Chapter 760, *Florida Statutes*; and (4) retaliation under Chapter 760, *Florida Statutes,* and 42 U.S.C. §2000e *et. seq.*

3. On September 24, 2014, Plaintiff served Defendants with the Complaint.

4. This Notice of Removal is filed within thirty (30) days after service as required by 28 U.S.C. § 1446.

5. As the Complaint states, or attempts to state, claims that arise under federal law, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1441.

6. All Defendants consent to removal.

7. WORKFORCE PLUS has provided Plaintiff and the Clerk of the Second Judicial Circuit Court in and for Leon County, Florida with written notice of the filing of this Notice of Removal.

8. As required by N.D. Loc. R. 7.1(A), a complete copy of the court file, which includes the Civil Coversheet, Summons, and Complaint, is attached hereto as "Composite Exhibit A."

9. There are no motions pending at the time of removal.

WHEREFORE, Defendants, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case Number 2014-CA-001998, on the docket of the Second Judicial Circuit Court in and for Leon County, Florida, be removed from that Court to the United States District Court for the Northern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Defendants are entitled.

DATED:        October 13, 2014.                    Respectfully submitted,

                                              BROAD AND CASSEL

By:  */s/ Ginger Barry Boyd*
GINGER BARRY BOYD, P.A.
Florida Bar Number 294550
Email: gbarry@broadandcassel.com
Secondary: bthornton@broadandcassel.com
LACEY CORONA, ESQ.
Florida Bar Number 66454
Email: lcorona@broadandcassel.com
Secondary: bthornton@broadandcassel.com
4100 Legendary Drive, Suite 280
Destin, Florida  32541
Telephone: 850.269.0148
Facsimile: 850.521.1452
*Attorneys for Defendant, Workforce Plus*

EQUELS LAW FIRM

By:  */s/ J. Stanley Chapman*
J. STANLEY CHAPMAN, ESQ.
Florida Bar No. 699004
Email: schapman@equelslaw.com
660 E. Jefferson Street
Tallahassee, FL 32301
*Attorney for Defendant, Florida Department of Economic Opporunity*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided by via email to Marie Mattox, Esq., Marie A. Mattox, P.A., 310 East Bradford Road, Tallahassee, Florida 32303, at marie@mattoxlaw.com, and via email to J. Stanley Chapman, Equels Law Firm, 660 E. Jefferson Street, Tallahassee, FL 32301 at schapman@equelslaw.com, on this 13th day of October, 2014.

By: */s/Ginger Barry Boyd*
Attorney

Filing # 16495362 Electronically Filed 07/29/2014 11:19:00 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of the Court for the purpose of reporting judicial workload data pursuant to Florida Statues section 25.075.

**I. CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SECOND</u> JUDICIAL CIRCUIT,
IN AND FOR <u>LEON</u> COUNTY, FLORIDA

Case No.: 2014 CA 001998
Judge: _____

<u>DAWN REDDING</u>
Plaintiff
    vs.
<u>FLORIDA DEPARTMENT OF ECONOMIC OPPURTUNITY, WORKFORCE PLUS</u>
Defendant

**II. TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,00 or more
  - ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

COMPOSITE EXHIBIT
A

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒  No ☐

III.  **REMEDIES SOUGHT** (check all that apply):
   ☒ Monetary;
   ☒ Non-monetary
   ☒ Non-monetary declaratory or injunctive relief;
   ☒ Punitive

IV.  **NUMBER OF CAUSES OF ACTION:** (   )
   (Specify)

   <u>4</u>

V.  **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐ Yes
   ☒ No

VI.  **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒ No
   ☐ Yes – If "yes" list all related cases by name, case number and court:

VII.  **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒ Yes
   ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature <u>s/ Marie A Mattox</u>          FL Bar No.: <u>739685</u>
   Attorney or party                              (Bar number, if attorney)

<u>Marie A Mattox</u>                              <u>07/29/2014</u>
   (Type or print name)                              Date

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

DAWN REDDING,

CASE NO.: 14-CA-1998

    Plaintiff,

## Summons

v

STATE OF FLORIDA, DEPARTMENT
OF ECONOMIC OPPORTUNITY and
WORKFORCE PLUS,

    Defendants.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **DIVISION OF RISK MANAGEMENT**
    **Department of Financial Services**
    **200 East Gaines Street**
    **Tallahassee, FL 32399**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on   9/17/2014  , 2014.



CLERK OF THE CIRCUIT COURT

By: _____

Filing # 18227244 Electronically Filed 09/15/2014 01:38:50 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

DAWN REDDING,

    Plaintiff,

v

STATE OF FLORIDA, DEPARTMENT
OF ECONOMIC OPPORTUNITY and
WORKFORCE PLUS,

    Defendants.
_____/

CASE NO.: 14-CA-1998

# Summons

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **WORKFORCE PLUS**
    **c/o George Banks, Chairperson**
    **STRUCTURE Commercial Real Estate**
    **249 Pinewood Drive**
    **Tallahassee, FL 32303**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on _____9/17/2014_____, 2014.



CLERK OF THE CIRCUIT COURT

By: _____

Filing # 18227244 Electronically Filed 09/15/2014 01:38:50 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN AND
FOR LEON COUNTY, FLORIDA

DAWN REDDING,

CASE NO.: 14-CA-1998

    Plaintiff,

v

## Summons

STATE OF FLORIDA, DEPARTMENT
OF ECONOMIC OPPORTUNITY and
WORKFORCE PLUS,

    Defendants.
_____/

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

    **FLORIDA DEPARTMENT OF ECONOMIC OPPORTUNITY**
    c/o Jesse Panuccio, Executive Director
    **107 East Madison Street**
    **Caldwell Bldg.**
    **Tallahassee, FL 32399**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on ___9/17/2014___, 2014.



    CLERK OF THE CIRCUIT COURT

    By: _____

Filing # 16495362 Electronically Filed 07/29/2014 11:19:00 PM

IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

2014 CA 001998

**DAWN REDDING,**

    **Plaintiff,**

v.

**STATE OF FLORIDA, DEPARTMENT
OF ECONOMIC OPPORTUNITY and
WORKFORCE PLUS,**

    **Defendants.**

_____/

CASE NO.: 14-CA-
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, DAWN REDDING, hereby sues Defendants, STATE OF FLORIDA, DEPARTMENT OF ECONOMIC OPPORTUNITY and WORKFORCE PLUS, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statues; 42 U.S.C. §2000e et seq.; 42 U.S.C. §1981; 29 U.S.C. §794; and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, DAWNREDDING, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her race, black, her gender, age (over 40), and her actual or perceived disability. Moreover, Plaintiff is a member of a protected class because she reported unlawful employment practices and was subject to retaliation thereafter.

4. At all times pertinent hereto, Defendant, STATE OF FLORIDA, DEPARTMENT OF ECONOMIC OPPORTUNITY, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. At all times pertinent hereto, Defendant received and utilized in conducting its functions as provided by law federal financial assistance, such assistance received for the purposes of assisting some or all of the programs and activities of Defendant. On information and belief, the funds received constituting such federal financial assistance were deposited into a general fund or account managed by or on behalf of Defendant.

5. At all times pertinent hereto, Defendant, WORKFORCE PLUS, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims. At all times pertinent hereto, Defendant received and utilized in conducting its functions as provided by law federal financial assistance, such assistance received for the purposes of assisting some or all of the programs and activities of Defendant. On information and belief, the funds received constituting such federal financial assistance were deposited into a general fund or account managed by or on behalf of Defendant. This Defendant, coupled with Defendant DEO, were Plaintiff's joint employer.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff, a female, was employed as a customer service/career service specialist with Defendants from June 2011 until March 2013, when her position purportedly ended because of funding. Upon information and belief, however, Defendants, after terminating Plaintiff, placed a younger male in the same or a substantially similar position to Plaintiff. Upon further information and belief, Plaintiff was not offered the same opportunities for transfer to or placement in another position.

8. In March 2013, Plaintiff was informed by Christa Nelson, her supervisor, that Plaintiff's position was ending because of funding. Nelson thereafter began to taunt Plaintiff about her losing her job. Nelson constantly reminded Plaintiff that her position would be ending at any time.

9. When Plaintiff's position finally did come to an end, she was replaced by a younger male.

10. Plaintiff also suffers from hearing loss, Nelson mistreated Plaintiff as a result of this disability and/or perceived disability. Nelson would shout loudly at Plaintiff and verbally reprimand her in the presence of other staff as well as customers. Nelson assigned Plaintiff tasks that were outside of her job duties and that exceeded the work load of other employees.

11. Nelson also made ageist comments towards Plaintiff. Nelson made statements about Plaintiff's hair styles. Nelson asked Plaintiff why she didn't wear wigs or get a perm. Nelson told Plaintiff that she acted like an old woman and suggested that she wear clothing and jewelry that would make her look younger.

3

12. On January 11, 2013, Plaintiff filed a complaint against Nelson. Nelson's behavior did not improve but grew worse. Plaintiff was treated differently than other younger and male employees in the workplace who were not disabled or perceived to be disabled. She was also retaliated against for complaining of her mistreatment.

13. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendants should be made to pay said fee under the laws cited herein and such other grounds as are authorized.

## COUNT I
## DISABILITY DISCRIMINATION

14. Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

15. This is an action against Defendants for disability discrimination brought under Chapter 760, Florida Statutes and 29 U.S.C. §794.

16. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability. During the course of Plaintiff's employment with Defendants, she was treated differently than similarly situated non-disabled/perceived-as-disabled employees.

17. Defendants are liable for the differential treatment of Plaintiff which adversely affected the terms and conditions of Plaintiff's employment with Defendants. Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

18. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were disability/perceived-disability based and in violation of the laws set forth herein.

19. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants. The events set forth herein led, at least in part, to Plaintiff's termination.

20. Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability, under the laws cited herein.

21. As a direct and proximate result of Defendants conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT II
## GENDER DISCRIMINATION

22. Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

23. This is an action against Defendants for discrimination based upon gender brought under Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

24. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendants who are male and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

25. Defendants are liable for the differential treatment and hostility towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting

Plaintiff or they knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

26. Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because they allowed the differential treatment and participated in same.

27. Defendants' known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

28. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of a gender-based nature and in violation of the laws set forth herein.

29. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants. The events set forth herein led, at least in part, to Plaintiff's termination.

30. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

31. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT III
## AGE DISCRIMINATION

32. Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

33. This is an action against Defendants for discrimination based upon age brought under Chapter 760, Florida Statutes.

34. Plaintiff has been the victim of discrimination on the basis of her age in that she was treated differently than similarly situated younger employees of Defendants and has been subject to hostility and poor treatment on the basis, at least in part, of her age.

35. Defendants are liable for the differential treatment and hostility towards Plaintiff because they controlled the actions and inactions of the persons making decisions affecting Plaintiff or knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

36. Furthermore, Defendants knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

37. Defendants' known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

38. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were of an age based nature and in violation of the laws set forth herein.

39. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendants.

7

40. Defendants' conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

41. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

## COUNT IV
## RETALIATION

42. Paragraphs 1 through 13 are re-alleged and incorporated herein by reference.

43. Defendants are employers as that term is used under the applicable statutes referenced above.

44. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting Plaintiff under 42 U.S.C § 2000e et seq., Chapter 760, Florida Statutes, and other statutory provisions cited herein.

45. The foregoing unlawful actions by Defendants were purposeful.

46. Plaintiff voiced opposition to unlawful employment practices during Plaintiff's employment with Defendants and was the victim of retaliation thereafter, as related in part above.

47. Plaintiff is a member of a protected class because Plaintiff reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal

connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

48. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent. Plaintiff is entitled to injunctive/equitable relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendants for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendants from future violations of law enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f) award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 28th day of July 2014.

Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
310 East Bradford Road
Tallahassee, FL 32303
Telephone:  (850) 383-4800
Facsimile:   (850) 383-4801
Email: marie@mattoxlaw.com
Secondary emails:
michelle2@mattoxlaw.com
joshua@mattoxlaw.com
ATTORNEYS FOR PLAINTIFF
